J.E. COOK, et al., Appellants,

v.

Louis SLUSKY, Appellee.

No. A14–82–648CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 18, 1983.

Rehearing Denied Sept. 15, 1983.

Harols F. Thurow, Kay Berkey Ellis, Houston, for appellants.

Barbara K. Runge, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellants, J.E. Cook and La Porte Land Company, appeal from a judgment in favor of appellee, Louis Slusky, for title and possession of certain real property in La Porte, Texas. A third defendant, H.O. West, has not appealed from said judgment. We affirm in part, and reverse in part.

Appellee brought suit against appellant, J.E. Cook, in October of 1978, seeking to establish his right to title and possession of Lot Nos. 25 to 32, inclusive, in Block No. 140 in La Porte, Texas. On September 29, 1981, appellee filed an amended petition, joining La Porte Land Company as a party defendant. A second amended petition was filed on June 28, 1982, alleging appellee's right to title and possession of such property by way of a tax deed acquired by appellee's brother in a tax sale. The tax deed was filed in 1952. Appellee obtained his brother's interest by intestate inheritance and by purchase from his brother's other heirs. Appellee and his family have paid the taxes on the property each year since they purchased it. Appellee also alleged, in the alternative, a formal action in trespass to try title.

At trial, appellee sought to prove that appellants' claim to the property was barred by TEX.TAX CODE ANN. § 33.54 (Vernon 1982) which generally provides that a cause of action relating to the title of

property may not be maintained against the purchaser of property at a tax sale unless such action commences within three years after the tax deed is filed of record. The court submitted special issues based on Section 33.54 and the jury answered affirmatively for appellee. No trespass to try title issues were submitted.

In points of error one through four, appellants contend: (1) there is no evidence or insufficient evidence to support the judgment; (2) the trial court erred in failing to grant appellants' motion for directed verdict and motion for judgment; (3) the trial court erred in submitting Special Issue Nos. 1 and 2 to the jury; (4) the trial court erred in allowing appellee to withdraw its Exhibit No. 2 and to substitute other instruments during trial.

Appellants claim the evidence is insufficient to support the judgment because appellee's tax deed alone does not affirmatively establish his title to the property. They claim TEX.REV.CIV.STAT.ANN. art. 7345b–3 [1] and its successor, TEX.TAX CODE ANN. § 33.54 (Vernon 1982) are unconstitutional, if applied retroactively. In the alternative, they argue that they fall within the three year savings clause provided for in Article 7345b–3.

We do not find either Article 7345b–3 or Section 33.54 of the Property Tax Code to be unconstitutional. While we agree that laws may not operate retroactively to take away vested substantive rights, no litigant has a vested right in a statute, or portion thereof, which is remedial or procedural in nature. *Ex parte Abell,* 613 S.W.2d 255, 260 (Tex.1981). A limitation statute operates only upon the remedy for enforcing vested rights, and, if a reasonable time to bring suit upon actions not yet barred is allowed after the law goes into effect, it is constitutional. *See Wallace v. Homan & Crimen, Inc.,* 584 S.W.2d 322 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r. e.).

1. Article 7345b–3, Acts 1977, 65th Leg., p. 1680, ch. 663, § 1, repealed by Acts 1979, 66th Leg., p. 2329, ch. 841, § 6(a)(1).

At the time appellee filed his lawsuit against J.E. Cook in 1978 and joined defendant, La Porte Land Company, in the suit in 1981, TEX.REV.CIV.STAT.ANN. Art. 7345b–3 enacted in 1977, was in effect. On January 1, 1982 TEX.TAX CODE ANN. § 33.54 (Vernon 1982) became effective, replacing Article 7345b–3. Article 7345b–3 provides, in pertinent part:

(a) No cause of action or defense may be asserted or maintained on a claim respecting any land sold for delinquent taxes at a tax sale pursuant to a judicial foreclosure of a tax lien, unless the cause of action or defense is asserted in an action commenced within three years after the filing of record of the deed executed to the purchaser at the tax sale.

(b) If the purchaser's deed was filed before the effective date of this Act, *the cause of action or defense may be asserted in an action commenced within three years after the effective date of this Act.* (Emphasis added.)

(c) Notwithstanding any other provision of this Act, if a person other than the purchaser at the tax sale or his successor in interest pays taxes on the property during the three consecutive years following the tax sale, the three-year limitations period provided in this Act does not run against the person who paid the taxes unless that person was duly served by process in the previous suit involving foreclosure of the tax lien for delinquent taxes.

(d) When an action for recovery of real property is barred by the provisions of this Act, the purchaser at the tax sale or his successor in interest shall be held to have full title to the land, precluding all other claims.

Appellants claim they fall within the three year savings clause set out in Article 7345b–3(b), because J.E. Cook filed his answer to appellee's original petition in 1978, thus asserting a defense within three years after the effective date of the article. Although first joined in the suit in 1981, La Porte Land Company also contends it comes within the savings clause, because J.E. Cook

was predecessor in title to the disputed property later deeded to La Porte Land Company.

■ Upon reviewing the record, we find J.E. Cook asserted a defense to appellee's cause of action within the three year period set out in Article 7345b–3(b); therefore, he was entitled to have appellee prove, and to have issues submitted on, the trespass to try title action. We sustain point of error one as to J.E. Cook, and reverse that portion of the court's judgment allowing Louis Slusky to recover title and possession to the disputed property as against Cook, and remand the case for further proceedings. Having sustained J.E. Cook's first point of error, it is unnecessary for us to consider the other points, as applied to him.

■ However, we overrule points of error one through three as asserted by La Porte Land Company. La Porte Land neither brought a cause of action nor asserted a defense against appellee within the three year period set out in Article 7345b–3(b). The mere fact that Cook preceeded La Porte Land as title holder does not substantiate its contention. Thus, appellee Slusky properly established title and possession to the disputed property as against La Porte Land Company, based on the tax deed acquired by purchase at a tax sale.

■ In point of error four, La Porte Land Company contends the court erred in allowing appellee to withdraw Exhibit No. 2, an Order of Sale and Sheriff's Return to property not involved in the lawsuit, and to later offer the correct instruments into evidence. We disagree. Appellant has shown no harm or prejudice, nor can we perceive of any, in such withdrawal and substitution. We overrule appellants' fourth point of error.

■ Appellee asserts by cross-point that this appeal was brought solely for purposes of delay, and a penalty should be assessed to appellants. We find no merit in this contention. Appellee asserts in his brief that this case is one of "first impression" because no other cases have construed TEX.TAX CODE ANN. § 33.54. If this is

indeed the first case to construe Section 33.54, as appellee asserts, we cannot reconcile this premise with his claim that such appeal is solely for purposes of delay and of no merit. We overrule appellee's cross-point.

That portion of the judgment relating to the cause of action against J.E. Cook is reversed and remanded; that portion of the judgment relating to the cause of action against La Porte Land Company is affirmed.

Affirmed in part; reversed and remanded in part.