Perry WOODROW, et al., Appellants,

v.

William H. HENDERSON, et al., Appellees.

No. 9737.

Court of Appeals of Texas, Texarkana.

Dec. 19, 1989.

Matthew W. Plummer, Sr., Houston, for appellants.

Edwin E. Buckner, Jr., Sandlin, Buckner & Searle, Marshall, for appellees.

Before CORNELIUS, C.J., and BLEIL and CHADICK, JJ.*

CHADICK, Justice (Retired).

This appeal is from a summary judgment for defendants entered in a trespass to try title action. The judgment of the trial court is reversed and the case remanded. The summary judgment evidence failed to show the movant entitled to judgment as a matter of law.

The litigation began as a suit to partition seventy-one acres of land in the David Earl Grant Survey of Harrison County. The plaintiffs' petition, filed in the trial court April 16, 1979, named William E. Hatcher, William H. Henderson, James L. Hatcher, and Marguerite Murphy as plaintiffs, and W. B. Pope and Perry Woodrow as defendants. Perry Woodrow answered by a general denial. Thereafter, the plaintiffs filed a first and second amended original petition, adding parties defendant and repeating the allegations of their first petition relative to Perry Woodrow. Then on May 25, 1982, plaintiffs by motion moved the court to dismiss Perry Woodrow and filed their third amended original petition which omitted him as a defendant. The motion to dismiss was granted; the order stating dismissal was without prejudice.

Approximately four years after dismissal from the partition suit, on August 15, 1986, Woodrow moved to intervene therein and

* Honorable T. C. Chadick, Texas Supreme Court Justice, Retired, sitting by assignment.

on the same day filed an original petition in intervention pleading a trespass to try title action, as authorized by Tex.R.Civ.P. 783, et seq. This pleading was superseded on June 17, 1987, by Woodrow's first amended original petition, naming as defendants William E. Hatcher, William H. Henderson, James L. Hatcher, Marguerite Murphy, Lucille Justice, Danna Nutt, Angeliqua Pope Smith, Willard Bryant Pope, Jr., J. Ray Kirkpatrick, Thomas H. Athanas and Ester Athanas.[1]

Plaintiff Woodrow alleged that he was the owner in fee simple of the seventy-one acres of land described in the partition suit, as well as an adjoining tract in the same survey. In the alternative, Woodrow pled title to the land by adverse possession under the terms of the ten-year and twenty-five-year statutes of limitation (Tex.Civ. Prac. & Rem.Code Ann. §§ 16.026, 16.027, 16.028 (Vernon 1986)), as well as alleging that he, Woodrow, had been in actual, open, notorious, exclusive, hostile and adverse possession of the described property since the year 1903. He also alleged that the defendants had judicially admitted that he, Perry Woodrow, had an interest in the seventy-one acres he claims in the trespass to try title action.

The transcript contains no defendant's answer of any nature to Woodrow's trespass to try title action, neither a plea of not guilty nor a general denial. However, defendants Henderson, James L. Hatcher, William E. Hatcher, and Marguerite Murphy moved for summary judgment. Defendants Thomas H. Athanas and wife Ester Athanas adopted the Henderson, Hatchers, and Murphy summary judgment motion and moved the court to grant the same and enter judgment that Perry Woodrow take nothing.

■ In a trespass to try title action a plaintiff recovers upon the strength of his own title. *Hejl v. Wirth*, 161 Tex. 609, 343 S.W.2d 226 (1961). Recovery by Woodrow under his pleadings could be based upon (a)

proof of title through regular chain of conveyances from the sovereign, (b) proof of a superior title out of a common source, (c) proof of title by limitations, or (d) proof of unabandoned prior possession of the land. *Plumb v. Stuessy*, 617 S.W.2d 667 (Tex. 1981); *Land v. Turner*, 377 S.W.2d 181 (Tex.1964); *Rhoades v. Meyer*, 418 S.W.2d 300 (Tex.Civ.App.–Texarkana 1967, writ ref'd n.r.e.).

The summary judgment evidence will be noticed and examined in this and following paragraphs. Along with his motion for summary judgment, Henderson tendered documentary evidence that a district court of Harrison County entered a final judgment in a partition suit styled Susie Ollison v. Alberta Ollison Shepperd, et al, No. 14675, wherein Minnie Woodrow and husband Perry Woodrow were defendants. The judgment approved and confirmed a commissioners' report which set aside to "Alberta Ollison Shepperd, a feme sole, Wallace Ollison, Minnie Woodrow and Perry Woodrow, Addie B. Ingram and husband, Lewis Ingram, to be owned jointly by Alberta Ollison Shepperd, Wallace Ollison, Minnie Woodrow, and Addie B. Ingram" the seventy-one acre tract involved in this trespass to try title action. The judgment further decreed that "the title shall be and is hereby vested in each party to whom a share has been alloted" to hold as against each of the other parties as "fully and [with] the same force and effect as a full warranty deed of conveyance from such other parties and each of them."

Documentary evidence was also produced that an execution for court costs in the Ollison v. Shepperd, et al, case was issued against Minnie Woodrow, Perry Woodrow, and others in that litigation. A constable's deed dated June 3, 1947, contains recitals that the seventy-one acre tract was sold at public auction to A. M. Justice, the highest bidder, at $105.00, and the deed purported to convey to A. M. Justice "all right, title

---

1. The trial court was required to dispose of intervenor Woodrow's trespass to try title action before proceeding in the partition suit, and trial thereafter focused upon the issues in the trespass to try title action. Prior to this appeal, the trespass to try title suit was severed from the partition suit. For clarity, the parties plaintiff and defendant, as designated in the trespass to try title pleadings, will be so designated in further discussions.

and claims ... Perry Woodrow" had in the seventy-one acre tract on June 3, 1947.

In response to Woodrow's discovery request and in answer to deposition questions, Henderson swore he had continuous possession of the seventy-one acre tract at all times subsequent to August 1, 1975. He also testified that some thirty days prior to August 1975, Woodrow occupied a dwelling house located upon the tract and that after he, Henderson, purchased the tract he had written notice served upon Woodrow demanding that Woodrow vacate the property. Thomas H. Athanas, in response to interrogatories, swore that he had had unrestricted use and possession of the land in question ever since he purchased it April 9, 1980, and that to his knowledge Woodrow never possessed or occupied the property.

The original petition in the partition suit filed by Henderson and the other plaintiffs therein alleged:

That Plaintiffs ... and Perry Woodrow are the joint owners in fee simple, and together are the sole owners of the surface of the hereinafter described real estate, the said parties each owning an undivided interest in said property as follows:

....

Save and except a one (1) acre tract, fronting 150 feet on the county road, including the home where Perry Woodrow presently resides, which said one (1) acre is believed owned by Defendant, Perry Woodrow.

This identical allegation was carried forward in the plaintiffs' first and second amended original petitions.

Henderson's motion for summary judgment contained the following language:

## II.

Plaintiffs filed their Original Petition against Defendants Lucille Justice, et al, seeking partition in kind of a tract of land called to contain 71 acres, David Earl Survey, Harrison County, Texas. By intervention, Perry Woodrow filed an Original Petition (as amended) herein claiming by adverse possession a tract of land called to contain 126 acres, including the 71-acre tract of land of which Plaintiffs seek partition herein....

## III.

This Motion for Summary Judgment is based upon the following described instruments, documents, and pleadings filed herein:

1. Plaintiffs' Original Petition filed herein on April 16, 1979;

2. Plaintiffs' First Amended Original Petition filed herein on January 13, 1981;

3. Motion to Intervene filed herein by Perry Woodrow on August 14, 1986;

4. Original Petition by Intervention filed herein by Perry Woodrow on August 15, 1986;

5. Interrogatories and Request for Production filed herein by Perry Woodrow directed to these Plaintiffs on October, 1986;

6. Plaintiffs' Responses to Discovery Request of Perry Woodrow filed herein by William H. Henderson on July 24, 1987;

7. Interrogatories directed to Perry Woodrow propounded by William H. Henderson filed herein on October 27, 1987;

8. Judgment dated November 3, 1945, issued by 71st Judicial District Court, Harrison County, Texas, in Cause Number 14,675, styled "Susie Ollison vs. Alberta Ollison Shepperd, et al," a certified copy of which is attached hereto, marked as Exhibit "A," and incorporated herein by reference for all purposes the same as if set forth and copied verbatim herein;

9. Writ of Execution, with officer's return noted thereon, dated October 24, 1945, issued by District Clerk, 71st Judicial District Court, Harrison County, Texas, in Cause Number 14,675, directed against Perry Woodrow and wife, Minnie Woodrow, et al, levying upon the 71-acre tract of land in issue in this cause, a certified copy of which is attached hereto, marked as Exhibit

"B," and incorporated herein by reference for all the same as if copied verbatim and set forth at length herein; 10. Deed dated June 3, 1947, recorded in Volume 312, Page 454, Deed Records, Harrison County, Texas, executed by Edward Rose, Constable, Harrison County, Texas, to A.M. Justice, conveying all right, title, interest and claim in and to the 71–acre tract of land in issue in this cause, of Minnie Woodrow and Perry Woodrow, et al, a certified copy of which is attached hereto, marked as Exhibit "C," and incorporated herein by reference the same as if copied verbatim and set forth herein at length. °

. . . .

### VI.

This Motion for Summary Judgment is based upon the pleadings and the instruments filed in this cause by both Plaintiffs and Defendants and the verified affidavits and exhibits attached to this motion. All of said instruments are incorporated herein by reference for all intents and purposes the same as if each such instrument and document were copied verbatim in this motion.

Tex.R.Civ.P. 166a(c), governing summary judgment procedure, provides that:

Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered upon appeal as grounds for reversal.

Woodrow's written response to Henderson's summary judgment motion offered the pleadings, depositions, and answers to interrogatories on file as summary judgment evidence, and pointed out issues urged by him in this language:

### I.

. . . .

a. The affidavit of William H. Henderson is of no probative value with respect to the statement that PERRY WOODROW'S possession of the land in question is "subordinate and subservient to my record title" for the reason that the same is a conclusion since the affidavit does not assert any facts which would support the allegation that his title is in fact superior.

### II.

There exist genuine issues of material fact which preclude the granting of summary judgment ... particularly, there is a genuine issue of fact as to who is the true owner of the property in question. The fact that the nature of PERRY WOODROW'S possession of the property in question was open and notorious is sufficient to establish his claim of adverse possession.

The quoted language in context with Woodrow's pleadings is sufficient to expressly present to the trial court issues in the summary proceedings respecting (1) whether or not Woodrow's possession of the land was subordinate and subservient to Henderson's title and (2) whether or not Woodrow was vested with title under the ten- or twenty-five-year limitations statutes as pled. Henderson's motion for summary judgment and Woodrow's response clearly fixed the parameters of the issues for court determination.

In the proceeding, Henderson, as movant, had the burden of showing there was not a genuine issue of material fact in the controversy and that he was entitled to judgment as a matter of law. On review, this Court must determine from the record whether there is a disputed material fact issue that precluded summary judgment. Evidence favorable to the nonmovant will be taken as true, and every reasonable inference will be indulged in favor of the nonmovant Woodrow and any doubts resolved in Woodrow's favor. *Nixon v. Mr. Property Management*, 690 S.W.2d 546 (Tex.1985); *Wilcox v. St. Mary's University of San Antonio*, 531 S.W.2d 589 (Tex. 1975); Tex.R.Civ.P. 166a.

 Henderson and those aligned with him urge under their reply points two and three that the trial court properly determined that Woodrow's possession of the seventy-one acre tract was subsequent to their title and that of their predecessors

and assert that any possession of the tract by appellant Woodrow was permissive as to A. M. Justice and to them as successors in interest to Justice. They rely upon a segment of a broader precept that one holding over after the execution of a deed, in law, is regarded as a tenant at sufferance, and before limitations will run against the true owner, the tenant at sufferance must repudiate his tenancy and give notice of such repudiation to the owner. Such cases as *Sims v. Cage*, 523 S.W.2d 486 (Tex.Civ. App.–Houston [1st Dist.] 1975, writ ref'd n.r.e.), *Texas Company v. Argo Oil Corporation*, 277 S.W.2d 308 (Tex. Civ.App.–San Antonio 1955, writ ref'd n.r.e.), are cited. After a partition, one party's continued possession of a tract awarded to another is presumed to be permissive, they assert, similar to that of a grantor who remains in possession, and repudiation and notice are also required in that situation before the limitation statute will begin to run, *citing Runnels v. Whitfield*, 593 S.W.2d 388 (Tex. Civ.App.–Texarkana 1979, no writ).

■ The segment urged is a limited part of the rule as a whole. Actual notice of the repudiation is not required. Constructive notice may be inferred. Acts which are inconsistent with ownership by the record owner of the property may be sufficient to put the record owner on notice that the tenancy has been repudiated. Constructive notice will be presumed where a claim to title of land has been long continued, open, notorious, exclusive and inconsistent with the existence of title in the record titleholder. Under such circumstances, the factfinder may determine that continued reliance on permissive tenancy is unreasonable and unwarranted. *Tex–Wis Company v. Johnson*, 534 S.W.2d 895 (Tex.1976); *see also, Killough v. Hinds*, 161 Tex. 178, 338 S.W.2d 707 (1960); *Vasquez v. Meaders*, 156 Tex. 28, 291 S.W.2d 926 (1956); *Sweeten v. Park*, 154 Tex. 266, 276 S.W.2d 794

(1955); *Kidd v. Young*, 144 Tex. 322, 190 S.W.2d 65 (1945); *Moore v. Knight*, 127 Tex. 610, 94 S.W.2d 1137 (Tex.Comm'n App.1936, opinion adopted); *Illg v. Garcia*, 92 Tex. 251, 47 S.W. 717 (1898); *Mauritz v. Thatcher*, 140 S.W.2d 303 (Tex.Civ.App.– Galveston 1940, writ ref'd).

■ Constructive notice was not precluded by the evidence in the record. Invocation of the segment of the rule relied upon did not foreclose Woodrow's recovery of title to the land under the ten- and twenty-five-year statutes of limitation. Woodrow's alleged adverse possession is a factual question that the rule in its entirety leaves open for factual determination. Henderson is not entitled to summary judgment because he failed to demonstrate Woodrow cannot recover under his pleadings as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671 (Tex.1979).

■ Further, Henderson and other plaintiffs in the partition suit admitted by formal pleadings in their original petition and first and second amended original petitions that Woodrow had an interest in the seventy-one acre tract. Although this admission is now in superseded and abandoned pleadings, an assertion of fact to the contrary raises a conflict in proof as to ownership which must be resolved to determine the question. Though not a judicial admission conclusively binding on the pleader, *see* 35 Tex.Jur.3d *Evidence* § 247 (1984), the admissions were seriously made more than once, and raised a fact issue as to ownership which must be resolved apart from the summary proceeding by the trier of facts.

For the reasons discussed, it is concluded that appellees' reply points two and three must be overruled and the appellants' points of error two, three and five are sustained.[2] Appellants' points of error one

**2.** While points of error two, three and five speak of the court findings as a matter of law, the record does not show that the trial court made any express findings either of law or of fact. Nevertheless, the points and the argument apprised the parties of the nature of the error complained of. Appellants' points of error are as follows:

POINT OF ERROR NUMBER ONE
THE TRIAL COURT ERRED IN FINDING THE CONSTABLE'S EXECUTION SALE OF PERRY WOODROW'S HOME–STEAD (sic) IN 1947 TO A. M. JUSTICE WAS VAILD (sic).
POINT OF ERROR NUMBER TWO
THE ERROR OF THE COURT IN FINDING AS A MATTER–OF–LAW APPELLANT'S POSSES-

and four, and appellees' reply points thereto will not be discussed as the questions presented may not necessarily arise on a new trial.

The judgment of the trial court will be reversed and the case remanded for new trial.

It is so ordered.

SION WAS SUBSERVIENT TO TITLE OF APPELLEE AND HIS PREDECESSORS IN TITLE.
POINT OF ERROR NUMBER THREE
THE COURT ERRED IN FINDING APPELLANT'S POSSESSION WAS "PERMISSIVE" TO A. M. JUSTICE AND HIS SUCCESSORS IN INTEREST.
POINT OF ERROR NUMBER FOUR
THE TRIAL COURT ERRED IN GRANTING SUMMARY RELIEF IN FAVOR OF PARTIES WHO WERE NOT A PARTY TO MOTION FOR SUMMARY JUDGMENT.
POINT OF ERROR NUMBER FIVE
THE TRIAL COURT ERRED IN FINDING APPELLANT WAS REQUIRED TO GIVE ORAL OR WRITTEN NOTICE TO RECORD OWNERS BEFORE HE COULD CLAIM ADVERSE POSSESSION.