Affirmed and Opinion filed August 3, 2010.

 

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00206-CV

___________________

 

Bettie J. Roberts a/k/a Bettie Berard and the
heirs of 

Annie MarY Johnson, Appellants

 

V.

 

T.P. Three Enterprises, Inc.,
Appellee



 



 

On
Appeal from the 239th District Court

Brazoria County,
Texas



Trial Court Cause No. 39225

 



 

 

OPINION

            In this trespass to try title action, appellants
Bettie J. Roberts a/k/a Bettie Berard and the heirs of Annie Mary Johnson
appeal the summary judgment granted in favor of appellee, T.P. Three
Enterprises, Inc.  We affirm.

I.                  
Background

 

On May 23, 1995, Brazos River Harbor Navigation
District, Angleton-Danbury Hospital District, Brazoria County, Special Road
& Bridge, Angleton Independent School District, and Brazoria County
Education District (collectively “the governmental entities”) filed a tax
foreclosure suit against Ann Knowles Washington on a 4.810 acre tract in
Brazoria County.[1] 
On May 15, 2001, the trial court entered judgment in favor of the governmental
entities.  On January 24, 2004, the district court clerk issued an order of
sale.  On April 20, 2004, pursuant to a sheriff’s deed, appellee purchased the
4.810 acres.  On April 22, 2004, the sheriff’s deed on the 4.810 acres was
recorded in Brazoria County.

In July 2006, appellee sued Roberts seeking to evict
her from the property.  On August 4, 2006, appellants filed a trespass to try
title action against the governmental entities and appellee alleging that appellants
had acquired title to the property through adverse possession.[2]  On June 4, 2008,
appellee filed a traditional motion for summary judgment.[3]  On December 5,
2008, without specifying the grounds, the trial court granted appellee’s motion. 
In the final judgment, the court ordered that fee simple title in the property
be vested in appellee and granted appellee’s request for writ of possession of
the property.

II.              
Standard of Review

We review a trial court’s summary
judgment de novo.  Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003).  To be entitled to traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the
plaintiff’s causes of action or conclusively establish each element of an
affirmative defense.  Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910,
911 (Tex. 1997).  In reviewing a traditional summary judgment, we examine the
entire record in the light most favorable to the non-movant, indulging every
reasonable inference and resolving any doubts against the motion.  Yancy v.
United Surgical Partners Int’l, Inc., 236 S.W.3d 778, 782 (Tex. 2007).  If
the movant establishes that the action is barred by limitations, the non-movant
must then adduce summary judgment proof raising a fact issue in avoidance of
the statute of limitations.  KPMG Peat Marwick v. Harrison County Hous. Fin.
Corp., 988 S.W.2d 746, 748 (Tex. 1999).

When a trial court’s order granting summary judgment
does not specify the grounds upon which it was granted, we will affirm the
judgment if any of the theories advanced are meritorious.  See Carr v.
Brasher, 776 S.W.2d 567, 569 (Tex. 1989).  When there are multiple grounds
for summary judgment and the order does not specify the ground on which the
summary judgment was granted, an appellant must negate all grounds on appeal.  See
State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 381 (Tex. 1993).

III.           
Analysis

Appellants raise four issues on appeal.  In general,
appellants complain that the trial court erred in granting summary judgment in
favor of appellee because (1) the limitations periods of Texas Tax Code section
33.54 did not bar them from bringing suit, (2) appellants had no notice of the tax
suit, and (3) the final judgment impermissibly broadened the scope and terms of
the sheriff’s deed.  Because the issues are interrelated, we will address them
together.

A.    Appellants Do Not Address All Summary Judgment Grounds
on Appeal

As a preliminary matter, we note that appellants
claim that appellee’s sole basis for summary judgment was the limitations periods
under Texas Tax Code section 33.54.  To the contrary, appellee sought summary judgment
based on two statutory grounds.  First, it argued that appellants failed to bring
suit within the limitations periods set forth under section 33.54(a) of the
Texas Tax Code.[4] 
Second, it asserted that appellants failed to deposit into the court’s registry
an amount equal to the delinquent taxes, penalties, and interest specified in
the judgment of foreclosure or to file an affidavit of inability to pay as
required by section 34.08(a) of the Code.[5] 
Of these two grounds, appellants attack only limitations.  Because the trial
court’s order did not specify the ground upon which it granted appellee’s
motion, on this basis alone, the summary judgment must be affirmed.  See S.S., 858 S.W.2d at 381 (noting where multiple
grounds for summary judgment are asserted and order does not specify ground on
which summary judgment was granted, appellant must negate all grounds on appeal).

B.    
Appellants
Failed to Comply with Texas Tax Code Section 34.08(a)  

However, even if appellants had challenged the second
ground, appellee conclusively established that appellants failed to comply with
the requirements of section 34.08(a).  In support of its summary judgment
motion, appellee attached a district clerk’s certificate showing that appellants
had failed to make the requisite deposit into the court’s registry or file an
affidavit of inability to pay as mandated by section 34.08(a).  Appellants
presented no evidence to the contrary.  Having failed to comply with the
statute, appellants were barred from commencing their action challenging the
validity of the tax sale.  See Session v. Woods, 206 S.W.3d 772, 779
(Tex. App.—Texarkana 2006, pet. denied) (concluding that appellant’s failure to
comply with requirements of section 34.08(a) constituted alternative ground in
support of granting appellee’s summary judgment motion); Jordan v.
Bustamante, 158 S.W.3d 29, 43 (Tex. App.—Houston [14th Dist.] 2005, pet.
denied) (stating that prior owners were barred from commencing action to
challenge validity of tax sale to purchaser where owners had failed to timely
deposit funds into court’s registry as required under section 34.08(a)).

C.   
Appellants’
Action Is Time-Barred Under Texas Tax Code Section 33.54

Furthermore, appellants’
limitations argument fails on its own merits.  Statutes of limitations
further the policy that one must diligently pursue one’s legal rights at the
risk of losing them if they are not timely asserted.  See City of Murphy v.
City of Parker, 932 S.W.2d 479, 481–82 (Tex. 1996).  Section 33.54 requires that an action relating to property
sold for taxes be commenced before the first anniversary of the recording of
the tax deed or, if the property was homestead or land appraised or eligible to
be appraised under Chapter 23, Subchapter C or D, before the second anniversary
of the deed’s recording.  See Tex.
Tax Code Ann. § 33.54(a).  Absent a challenge brought within the
statute of limitations, the code allows a tax sale purchaser to “conclusively presume
that the tax sale was valid” and transfers to the purchaser “full title to the
property free and clear of the right, title, and interest of any person that
arose before the tax sale.”  Id. § 34.08(b).  Here, the sheriff’s deed selling
the property to appellee was recorded on April 22, 2004.  Appellants filed their
trespass to try title action on August 4, 2006, more than two years after the
sheriff’s deed was recorded.[6]
 Thus, appellants’ action was untimely under either the one or two-year
deadline, and the only inquiry is whether the limitations exception in section
33.54(b) applies.

Section 33.54 (b) provides that a person not served
citation in a tax foreclosure suit may avoid application of the statutory
limitations period by paying the property taxes in the years between the tax sale
and the date suit is filed.  See id. §
33.54(b).  Appellants assert that they were neither named nor served in
the tax suit but that they paid taxes on the property.  Thus, they argue,
subsection (b) precludes application of the limitation periods to them.  In
support of their position, appellants attached Roberts’s affidavit dated August
25, 2008 to their summary judgment response.  In her affidavit, Roberts states “I
have paid taxes and continue to pay taxes to Brazoria County, Texas under the
attached tax notice.”  However, there is no tax notice attached to Roberts’s 2008
affidavit or otherwise included in appellants’ summary judgment response.  As
such, appellants’ contention that subsection (b) bars application of the
limitations periods to them is unsupported by the summary judgment record.

Although we are not required to look beyond the
summary judgment record before us, we note that in their response to appellee’s
first amended motion for partial summary judgment filed before the summary
judgment at issue here, appellants included an affidavit by Roberts dated
November 16, 2006, to which they attached a document describing Roberts’s
property and its value.  However, even if we were to consider this evidence in
evaluating appellants’ claim that they paid taxes on the property, it is
nonetheless unavailing for two reasons.  First, although the document lists the
taxing entities on the property, it does not show that any taxes were actually paid. 
Second, the legal description and the account number of the property reflected
in the attached document are listed as follows:

A0125 A ROBINSON, TRACT 21-32B-32C, MH SERIAL #
OC05935750A LABEL # TEX0476865, ACRES 2.000; Account Number 0125-0048-000
(emphasis added).

By contrast, the sheriff’s deed describes the
property as 

4.810 ACRES OF LAND, CALLED LOT 31, OUT OF THE EAST 1/2
OF LOT 31 OUT OF THE B.T. MASTERSON SUBDIVISION OF TRACT 21, OUT OF THE A.
ROBINSON SURVEY, ABSTRACT 125 LOCATED IN BRAZORIA COUNTY, TEXAS AND BEING MORE
PARTICULARLY DESCRIBED IN CLERK’S FILE NUMBER 96-010060 OF THE OFFICAL RECORDS
OF BRAZORIA COUNTY, TEXAS (ACCOUNT NUMBER 0125-0024-110) (emphasis
added).

Thus, the property described in the document attached
to Roberts’s 2006 affidavit and the property sold to appellee as reflected in the
sheriff’s deed are not the same.[7] 
Appellants have not proffered any evidence showing that they paid taxes on the disputed
property.  As such, appellants have not shown themselves to be exempt from the limitations
periods in challenging the tax sale.

Appellants also contend that they were denied due
process because they were not made a party to, or given notice of, the tax suit. 
They further argue that because the tax suit, subsequent judgment, and sheriff’s
deed focused only on the interest held by Washington, the trial court erred
when it granted fee simple title in the property to appellee because it
broadened the deed beyond its scope and terms.  We need not consider these
arguments.  Notwithstanding the potential merit of a property owner’s challenge
to a tax sale, such arguments must be exercised within the limitations periods
set forth in section 33.54.  See W.L. Pickens Grandchildren’s Joint Venture
v. DOH Oil Co., 281 S.W.3d 116, 122 (Tex. App.—El Paso 2008, pet. denied) (concluding
that former mineral interest owner’s failure to timely argue that tax sale was
invalid because it was not named as party precluded court from considering it);
John K. Harrison Holdings, L.L.C. v. Strauss, 221 S.W.3d 785, 791 (Tex.
App.—Beaumont 2007, pet. denied) (finding purported land owner’s challenge to tax
sale was barred by owner’s failure to bring action within limitations period); Session,
206 S.W.3d at 779 (concluding that even if adverse claimant could have
successfully proven adverse possession title, his failure to file action within
limitations period barred his claim).  Because they failed to do so,
appellants’ claims come too late.  Without a timely challenge, appellee
acquired good title to the property through the sheriff’s deed.  See Tex. Tax Code Ann. § 34.08(b).  Accordingly,
the trial court did not err in granting appellee’s motion for summary judgment. 
Issues one through four are overruled.

IV.            
Conclusion

We affirm the judgment of
the trial court.

 

 

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel consists of Justices
Yates, Seymore, and Brown.









[1] The tax suit was styled Angleton
Independent School District. v. Ann Knowles Washington, No. 95T5181, in the
239th District Court of Brazoria County, Texas. 





[2] On June 15, 2009,
appellants moved to non-suit the governmental entities.  The court granted the
motion on June 19, 2009.





[3] Appellee previously filed
a no-evidence motion for partial summary judgment, which the trial court
apparently denied on November 29, 2006. 





[4] § 33.54.  Limitation on Actions Relating to
Property Sold for Taxes  

(a)   
Except as provided by Subsection
(b), an action relating to the title to property may not be maintained against
the purchaser of the property at a tax sale unless the action is commenced:

(1)  
before the first anniversary of
the date that the deed executed to the purchaser at the tax sale is filed of
record; or

(2)  
before the second anniversary of
the date that the deed executed to the purchaser is filed of record, if on the
date that the suit to collect the delinquent tax was filed the property was:

(A)  the residence homestead of the owner; or

(B)  land appraised or eligible to be appraised under
Subchapter C or D, Chapter 23.

(b)  
If a person other than the
purchaser at the tax sale or the person’s successor in interest pays taxes on
the property during the applicable limitations period and until the
commencement of an action challenging the validity of the tax sale and that
person was not served citation in the suit to foreclose the tax lien, that
limitations period does not apply to that person.

(c)   
When actions are barred by this
section, the purchaser at the tax sale or the purchaser’s successor in interest
has full title to the property, precluding all other claims.

Tex. Tax Code Ann. § 33.54 (Vernon 2008).





[5] § 34.08.  Challenge
to Validity of Tax Sale

(a)    A person may not
commence an action that challenges the validity of a tax sale under this
chapter unless the person:

(1)   deposits into the
registry of the court an amount equal to the amount of the delinquent taxes,
penalties, and interest specified in the judgment of foreclosure obtained
against the property plus all costs of the tax sale; or

(2)   files an affidavit of
inability to pay under Rule 145, Texas Rule of Civil Procedure.

. . . . 

Tex. Tax Code
Ann. § 34.08(a) (Vernon 2008). 





[6] Although the record does
not include a copy of plaintiffs’ original petition, the civil docket sheet and
civil case search form reflect that suit was filed on August 4, 2006.  Further,
in their brief, appellants state that they filed suit against appellee after
appellee filed an eviction suit against them on July 19, 2006.  Thus, by their
own admission, they filed suit after July 19, 2006, which was more than two
years after the sheriff’s deed was recorded.  Finally, we note that appellants
did not dispute in either their summary judgment response or appellate brief
that the limitations period had run.  To the contrary, appellants state several
times that appellee waited for the statute to run before filing an eviction
suit against them, presumably to ensure that appellants would be time-barred
from challenging the tax sale.





[7] In fact, appellants
equivocate on their claim that they paid taxes on the 4.810 acres.  In their
brief, appellants claim that, due to a mistake by the grantor, they took
possession of the wrong property fifty years ago and that they “attempted” to
pay taxes on the property at issue.  These statements further support our
conclusion that appellants did not prove that they paid taxes on the 4.810
acres.  See, e.g., Miller v. Kenna, No. 06-08-00006-CV, 2008 WL
4425610, at *2 (Tex. App.—Texarkana Oct. 2, 2008, no pet.) (mem. op.) (noting
county tax records indicated property upon which plaintiff claimed to have paid
taxes was separate from tract made subject of tax sale challenge and thus did
not support plaintiffs’ claim that they paid taxes on disputed property).