Bettie J. ROBERTS a/k/a Bettie Berard and the Heirs of Annie Mary Johnson, Appellants,

v.

T.P. THREE ENTERPRISES, INC., Appellee.

No. 14–09–00206–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 3, 2010.

Matthew B. Edquist, Angleton, for appellants.

Michael J. Darlow, Michael C. Whalen, Houston, for appellee.

Panel consists of Justices YATES, SEYMORE, and BROWN.

## OPINION

LESLIE B. YATES, Justice.

In this trespass to try title action, appellants Bettie J. Roberts a/k/a Bettie Berard and the heirs of Annie Mary Johnson appeal the summary judgment granted in favor of appellee, T.P. Three Enterprises, Inc. We affirm.

## I. Background

On May 23, 1995, Brazos River Harbor Navigation District, Angleton–Danbury Hospital District, Brazoria County, Special Road & Bridge, Angleton Independent School District, and Brazoria County Education District (collectively "the governmental entities") filed a tax foreclosure suit against Ann Knowles Washington on a 4.810 acre tract in Brazoria County.[1] On May 15, 2001, the trial court entered judgment in favor of the governmental entities. On January 24, 2004, the district court clerk issued an order of sale. On April 20, 2004, pursuant to a sheriff's deed, appellee

purchased the 4.810 acres. On April 22, 2004, the sheriff's deed on the 4.810 acres was recorded in Brazoria County.

In July 2006, appellee sued Roberts seeking to evict her from the property. On August 4, 2006, appellants filed a trespass to try title action against the governmental entities and appellee alleging that appellants had acquired title to the property through adverse possession.[2] On June 4, 2008, appellee filed a traditional motion for summary judgment.[3] On December 5, 2008, without specifying the grounds, the trial court granted appellee's motion. In the final judgment, the court ordered that fee simple title in the property be vested in appellee and granted appellee's request for writ of possession of the property.

## II. Standard of Review

We review a trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex.2003). To be entitled to traditional summary judgment, a defendant must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). In reviewing a traditional summary judgment, we examine the entire record in the light most favorable to the non-movant, indulging every reasonable inference and resolving any doubts against the motion. *Yancy v. United Surgical Partners Int'l, Inc.*, 236 S.W.3d 778, 782 (Tex.2007). If the movant establishes that the action is barred by limitations, the non-movant must then adduce summary

1. The tax suit was styled *Angleton Independent School District. v. Ann Knowles Washington*, No. 95T5181, in the 239th District Court of Brazoria County, Texas.

2. On June 15, 2009, appellants moved to nonsuit the governmental entities. The court granted the motion on June 19, 2009.

3. Appellee previously filed a no-evidence motion for partial summary judgment, which the trial court apparently denied on November 29, 2006.

judgment proof raising a fact issue in avoidance of the statute of limitations. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999).

When a trial court's order granting summary judgment does not specify the grounds upon which it was granted, we will affirm the judgment if any of the theories advanced are meritorious. *See Carr v. Brasher*, 776 S.W.2d 567, 569 (Tex. 1989). When there are multiple grounds for summary judgment and the order does not specify the ground on which the summary judgment was granted, an appellant must negate all grounds on appeal. *See State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 381 (Tex.1993).

## III. Analysis

Appellants raise four issues on appeal. In general, appellants complain that the trial court erred in granting summary judgment in favor of appellee because (1) the limitations periods of Texas Tax Code section 33.54 did not bar them from bring-

ing suit, (2) appellants had no notice of the tax suit, and (3) the final judgment impermissibly broadened the scope and terms of the sheriff's deed. Because the issues are interrelated, we will address them together.

### A. Appellants Do Not Address All Summary Judgment Grounds on Appeal

■ As a preliminary matter, we note that appellants claim that appellee's sole basis for summary judgment was the limitations periods under Texas Tax Code section 33.54. To the contrary, appellee sought summary judgment based on two statutory grounds. First, it argued that appellants failed to bring suit within the limitations periods set forth under section 33.54(a) of the Texas Tax Code.[4] Second, it asserted that appellants failed to deposit into the court's registry an amount equal to the delinquent taxes, penalties, and interest specified in the judgment of foreclosure or to file an affidavit of inability to pay as required by section 34.08(a) of the Code.[5] Of these two grounds, appellants attack only limitations. Because the trial

---

4. **§ 33.54. Limitation on Actions Relating to Property Sold for Taxes**

   (a) Except as provided by Subsection (b), an action relating to the title to property may not be maintained against the purchaser of the property at a tax sale unless the action is commenced:

   (1) before the first anniversary of the date that the deed executed to the purchaser at the tax sale is filed of record; or

   (2) before the second anniversary of the date that the deed executed to the purchaser is filed of record, if on the date that the suit to collect the delinquent tax was filed the property was:

   (A) the residence homestead of the owner; or

   (B) land appraised or eligible to be appraised under Subchapter C or D, Chapter 23.

   (b) If a person other than the purchaser at the tax sale or the person's successor in interest pays taxes on the property during the applicable limitations period and until the commencement of an action challeng-

   ing the validity of the tax sale and that person was not served citation in the suit to foreclose the tax lien, that limitations period does not apply to that person.

   (c) When actions are barred by this section, the purchaser at the tax sale or the purchaser's successor in interest has full title to the property, precluding all other claims. Tex. Tax Code Ann § 33.54 (Vernon 2008).

5. **§ 34.08. Challenge to Validity of Tax Sale**

   (a) A person may not commence an action that challenges the validity of a tax sale under this chapter unless the person:

   (1) deposits into the registry of the court an amount equal to the amount of the delinquent taxes, penalties, and interest specified in the judgment of foreclosure obtained against the property plus all costs of the tax sale; or

   (2) files an affidavit of inability to pay under Rule 145, Texas Rule of Civil Procedure.

   . . . .

   Tex. Tax Code Ann. § 34.08(a) (Vernon 2008).

court's order did not specify the ground upon which it granted appellee's motion, on this basis alone, the summary judgment must be affirmed. *See S.S.*, 858 S.W.2d at 381 (noting where multiple grounds for summary judgment are asserted and order does not specify ground on which summary judgment was granted, appellant must negate all grounds on appeal).

## B. Appellants Failed to Comply with Texas Tax Code Section 34.08(a)

■ However, even if appellants had challenged the second ground, appellee conclusively established that appellants failed to comply with the requirements of section 34.08(a). In support of its summary judgment motion, appellee attached a district clerk's certificate showing that appellants had failed to make the requisite deposit into the court's registry or file an affidavit of inability to pay as mandated by section 34.08(a). Appellants presented no evidence to the contrary. Having failed to comply with the statute, appellants were barred from commencing their action challenging the validity of the tax sale. *See Session v. Woods*, 206 S.W.3d 772, 779 (Tex.App.-Texarkana 2006, pet. denied) (concluding that appellant's failure to comply with requirements of section 34.08(a) constituted alternative ground in support of granting appellee's summary judgment motion); *Jordan v. Bustamante*, 158 S.W.3d 29, 43 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) (stating that prior owners were barred from commencing action to challenge validity of tax sale to purchaser where owners had failed to timely deposit funds into court's registry as required under section 34.08(a)).

## C. Appellants' Action Is Time–Barred Under Texas Tax Code Section 33.54

■ Furthermore, appellants' limitations argument fails on its own merits. Statutes of limitations further the policy that one must diligently pursue one's legal rights at the risk of losing them if they are not timely asserted. *See City of Murphy v. City of Parker*, 932 S.W.2d 479, 481–82 (Tex.1996). Section 33.54 requires that an action relating to property sold for taxes be commenced before the first anniversary of the recording of the tax deed or, if the property was homestead or land appraised or eligible to be appraised under Chapter 23, Subchapter C or D, before the second anniversary of the deed's recording. *See* TEX. TAX CODE ANN. § 33.54(a). Absent a challenge brought within the statute of limitations, the code allows a tax sale purchaser to "conclusively presume that the tax sale was valid" and transfers to the purchaser "full title to the property free and clear of the right, title, and interest of any person that arose before the tax sale." *Id.* § 34.08(b). Here, the sheriff's deed selling the property to appellee was recorded on April 22, 2004. Appellants filed their trespass to try title action on August 4, 2006, more than two years after the sheriff's deed was recorded.[6] Thus, appellants' action was untimely under either the one or two-year deadline, and the only inquiry is whether the limitations exception in section 33.54(b) applies.

---

**6.** Although the record does not include a copy of plaintiffs' original petition, the civil docket sheet and civil case search form reflect that suit was filed on August 4, 2006. Further, in their brief, appellants state that they filed suit against appellee after appellee filed an eviction suit against them on July 19, 2006. Thus, by their own admission, they filed suit after July 19, 2006, which was more than two years after the sheriff's deed was recorded.

Finally, we note that appellants did not dispute in either their summary judgment response or appellate brief that the limitations period had run. To the contrary, appellants state several times that appellee waited for the statute to run before filing an eviction suit against them, presumably to ensure that appellants would be time-barred from challenging the tax sale.

Section 33.54(b) provides that a person not served citation in a tax foreclosure suit may avoid application of the statutory limitations period by paying the property taxes in the years between the tax sale and the date suit is filed. *See id.* § 33.54(b). Appellants assert that they were neither named nor served in the tax suit but that they paid taxes on the property. Thus, they argue, subsection (b) precludes application of the limitation periods to them. In support of their position, appellants attached Roberts's affidavit dated August 25, 2008 to their summary judgment response. In her affidavit, Roberts states "I have paid taxes and continue to pay taxes to Brazoria County, Texas under the attached tax notice." However, there is no tax notice attached to Roberts's 2008 affidavit or otherwise included in appellants' summary judgment response. As such, appellants' contention that subsection (b) bars application of the limitations periods to them is unsupported by the summary judgment record.

Although we are not required to look beyond the summary judgment record before us, we note that in their response to appellee's first amended motion for partial summary judgment filed before the summary judgment at issue here, appellants included an affidavit by Roberts dated November 16, 2006, to which they attached a document describing Roberts's property and its value. However, even if we were to consider this evidence in evaluating appellants' claim that they paid taxes on the property, it is nonetheless unavailing for two reasons. First, although the document lists the taxing entities on the property, it does not show that any taxes were actually paid. Second, the legal description and the account number of the property reflected in the attached document are listed as follows:

A0125 A ROBINSON, TRACT 21–32B–32C, MH SERIAL # OC05935750A LABEL # TEX0476865, ACRES 2.000; **Account Number 0125–0048–000** (emphasis added).

By contrast, the sheriff's deed describes the property as

4.810 ACRES OF LAND, CALLED **LOT 31**, OUT OF THE EAST 1/2 OF LOT 31 OUT OF THE B.T. MASTERSON SUBDIVISION OF TRACT 21, OUT OF THE A. ROBINSON SURVEY, ABSTRACT 125 LOCATED IN BRAZORIA COUNTY, TEXAS AND BEING MORE PARTICULARLY DESCRIBED IN CLERK'S FILE NUMBER 96–010060 OF THE OFFICIAL RECORDS OF BRAZORIA COUNTY, TEXAS (**ACCOUNT NUMBER 0125–0024–110**) (emphasis added).

■ Thus, the property described in the document attached to Roberts's 2006 affidavit and the property sold to appellee as reflected in the sheriff's deed are not the same.[7] Appellants have not proffered any evidence showing that they paid taxes on the disputed property. As such, appellants have not shown themselves to be exempt from the limitations periods in challenging the tax sale.

■ Appellants also contend that they were denied due process because they

---

7. In fact, appellants equivocate on their claim that they paid taxes on the 4.810 acres. In their brief, appellants claim that, due to a mistake by the grantor, they took possession of the wrong property fifty years ago and that they "attempted" to pay taxes on the property at issue. These statements further support our conclusion that appellants did not prove that they paid taxes on the 4.810 acres. *See,*

*e.g., Miller v. Kenna,* No. 06–08–00006–CV, 2008 WL 4425610, at *2 (Tex.App.-Texarkana Oct. 2, 2008, no pet.) (mem. op.) (noting county tax records indicated property upon which plaintiff claimed to have paid taxes was separate from tract made subject of tax sale challenge and thus did not support plaintiffs' claim that they paid taxes on disputed property).

were not made a party to, or given notice of, the tax suit. They further argue that because the tax suit, subsequent judgment, and sheriff's deed focused only on the interest held by Washington, the trial court erred when it granted fee simple title in the property to appellee because it broadened the deed beyond its scope and terms. We need not consider these arguments. Notwithstanding the potential merit of a property owner's challenge to a tax sale, such arguments must be exercised within the limitations periods set forth in section 33.54. *See W.L. Pickens Grandchildren's Joint Venture v. DOH Oil Co.*, 281 S.W.3d 116, 122 (Tex.App.-El Paso 2008, pet. denied) (concluding that former mineral interest owner's failure to timely argue that tax sale was invalid because it was not named as party precluded court from considering it); *John K. Harrison Holdings, L.L.C. v. Strauss*, 221 S.W.3d 785, 791 (Tex.App.-Beaumont 2007, pet. denied) (finding purported land owner's challenge to tax sale was barred by owner's failure to bring action within limitations period); *Session*, 206 S.W.3d at 779 (concluding that even if adverse claimant could have successfully proven adverse possession title, his failure to file action within limitations period barred his claim). Because they failed to do so, appellants' claims come too late. Without a timely challenge, appellee acquired good title to the property through the sheriff's deed. *See* TEX. TAX CODE ANN. § 34.08(b). Accordingly, the trial court did not err in granting appellee's motion for summary judgment. Issues one through four are overruled.

## IV. Conclusion

We affirm the judgment of the trial court.