**Memorandum Opinion of August 1, 2013 Withdrawn, Affirmed and Corrected Memorandum Opinion filed August 15, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-12-00964-CV

---

## ROBERT HOLMES, Appellant

## V.

## CRAIG CASSEL, Appellee

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2011-32230**

---

## S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

We withdraw our opinion of August 1, 2013 and issue this substitute memorandum opinion in its place.

Robert Holmes appeals from the trial court's grant of Craig Cassel's motion for summary judgment based on limitations. Holmes filed the present lawsuit seeking to have the trial court declare a 1995 tax deficiency judgment and subsequent sale of certain real property to Cassel void because Holmes claimed

record ownership of a one-half undivided interest in the subject property and was not a party to the lawsuit, provided notice, or named in the judgment.[1] In five issues on appeal, Holmes asserts that the trial court erred in (1) ruling that Cassel owns any interest in the tract in which Holmes claims an interest, (2) applying limitations under the Texas Tax Code, (3) applying limitations under the three- and five-year adverse possession statutes in the Texas Civil Practice & Remedies Code, (4) failing to find a fact issue regarding the elements of adverse possession, and (5) failing to find fact issues regarding Holmes' defenses of estoppel and waiver. We affirm.

## Background

In 1995, the Taxing Authorities initiated tax deficiency proceedings involving property located at 5405 Griggs Road in Houston, Texas (the Property) against Charles Bush and Gerald Monks, Trustee.[2] At the time that the 1995 deficiency suit (the Tax Suit) was filed, Holmes allegedly owned an undivided one-half interest in the Property, received by a deed from Bush and duly recorded on December 30, 1983. Holmes was not named in the Tax Suit, nor was he served with citation. On June 25, 1996, the trial court entered final judgment against Bush and Monks in favor of the Taxing Authorities; Holmes was not named in this judgment. An order of sale of the property was issued on March 5, 2003.[3] Cassel purchased the Property at the tax sale.

---

[1] In his original petition, Holmes included the following taxing authorities, who are not parties to this appeal: Harris County, Harris County Education Department, Port of Houston Authority of Harris County, Harris County Flood Control District, Harris County Hospital District, Houston Independent School District, and Houston Community College System. For ease of reference, we will refer to these entities hereinafter as the Taxing Authorities.

[2] Monks was a record lien holder.

[3] There is no explanation in the record for the delay between the tax foreclosure judgment and the tax sale.

Cassel took possession of the Property after purchasing it. He maintained the Property by having the yard cut, installing a new roof on the building located on the Property, and partially demolishing and replacing a wall. Cassel rented space in the Property to a club for about two years after he purchased the Property. He paid the taxes on the Property. Cassel maintained an actual and visible "appropriation" of the Property from the time he purchased.

In May 2011, Holmes filed suit against the Taxing Authorities and Cassel,[4] seeking to declare the judgment from the Tax Suit void. In his petition, he asserted that because he was not named in the Tax Suit or the judgment, this judgment was void as to his one-half interest in the Property. He further argued that any conveyance of his interest in the Property to Cassel arising out of the judgment was likewise void. He sought declarations from the trial court to support these claims. Holmes attached a certified copy of a warranty deed from Charles Bush and Charles Bush d/b/a Charles Bush Enterprises as grantor to Robert W. Holmes and James E. Anderson as grantees of "real property in Harris County, Texas," described in the "attached exhibit 'A' for legal description," executed on December 6, 1983. The attached exhibit "A" contained in our record is nearly illegible, but appears to be a metes and bounds description of a tract or parcel of land "out of Reserve 'C' of Royal Palms Addition . . . in the City of Houston, Harris County, Texas, according to Plat recorded in Volume 57, Page 29 of the Map Records of Harris County, Texas, said tract or parcel of land being more fully described as follows: [illegible]." It appears that this deed and attachment were recorded on December 30, 1983. Holmes did not provide a copy of the Tax Suit.

_____

[4] The Taxing Authorities answered by filing a jurisdictional plea, special exceptions, and a general denial. The final judgment in this case expressly states that Holmes "take nothing against all defendants." Holmes has not challenged the judgment as it relates to the Taxing Authorities.

Cassel answered with a general denial and asserted the affirmative defenses of statute of limitations under the Texas Tax Code, failure to comply with the Tax Code's statutory prerequisites to filing suit, and the three- and five-year adverse possession statutes under the Texas Civil Practice & Remedies Code. He also counterclaimed against Holmes for a declaratory judgment to quiet title under his August 5, 2003 deed. Cassel attached a copy of his August 5, 2003 deed (the Tax Deed) to his counterclaim, which provides the following description of the Property:

> .5347 ACRES, MORE OR LESS, OUT OF RESERVE "C", ROYAL PALMS ADDITION, CITY OF HOUSTON, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 57, PAGE 29 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS; AND BEING MORE PARTICULARLY DESCRIBED BY METES AND BOUNDS BY COUNTY CLERK FILE NUMBER "E"666591 OF THE OFFICIAL PUBLIC RECORDS OF HARRIS COUNTY, TEXAS.
>
> HCAD Number:    0912220000005

Cassel subsequently filed a motion for summary judgment. In this motion, he asserted that, pursuant to Texas Tax Code section 33.54(a), an action relating to the title of property may not be maintained against a purchaser of property at a tax sale unless that action is commenced before the first anniversary of the date that the deed executed to the purchaser is filed of record. Cassel purchased the Property at a tax sale on August 5, 2003, and recorded his deed on February 9, 2004. Holmes did not file suit until May 27, 2011. Thus, Holmes was precluded from maintaining suit pursuant to this section of the Tax Code.

Cassel further argued that Holmes did not comply with Texas Tax Code section 34.08(a). This subsection requires that, to challenge the validity of a tax sale under this chapter, the challenging party must (1) deposit into the registry of

4

the court an amount equal to the amount of delinquent taxes, penalties, and interest specified in the judgment of foreclosure obtained against the property, as well as all costs of the tax sale, or (2) file an affidavit of inability to pay. Tex. Tax Code § 34.08(a). Because Holmes did neither, Cassel contended that Holmes was barred from challenging the tax sale. Finally, Cassel asserted that he met the requirements of both the three- and five-year adverse possession statutes provided for in sections 16.024 and 16.025 of the Texas Civil Practice and Remedies Code. Cassel attached an affidavit to his motion providing facts in support of his motion.[5]

Holmes responded to Cassel's motion for summary judgment. He first alleged that, as a matter of law, Cassel had no ownership interest in the Property because Cassel's Tax Deed referred to an adjacent property. Holmes also contended that the Tax Code sections Cassel asserted as a bar to his claims were inapplicable because he never contested Cassel's one-half interest in the Property; rather, he asserted that the Tax Suit and Cassel's Tax Deed were void as to his interest in the Property. Holmes further argued that "any application of limitation statutes is a denial of due process and is precluded under the open courts doctrine." Holmes asserted that the doctrines of estoppel and waiver based on two emails from Cassel's counsel, sent in June 2010 and January 2011, requesting that Holmes pay one-half of the taxes applicable to the Property either prevented or created a fact issue precluding summary judgment.

Regarding Cassel's adverse-possession claims, Holmes claimed that Cassel did not acquire the Property under "color of title" as required by the adverse possession statutes because the Tax Deed conveying title to Cassel actually did not convey Holmes' property, as discussed above, or only conveyed to Cassel a one-

_____

[5] The Taxing Authorities responded to Cassel's summary-judgment motion, stating that Cassel sought no affirmative relief from them and that they would neither file any further response nor appear at the hearing on the motion.

half interest in the Property.  Further, he argued that Cassel's possession was not hostile to his claim because he had paid one-half of the taxes, pursuant to the emails described above.

In his reply, Cassel explained that the Tax Deed under which he claims title clearly references the Harris County Appraisal District (HCAD) account number associated with the Property.[6]  Cassel argued that because the Tax Suit was for delinquent taxes, the foreclosure could only have been for the property included under that account, which was the Property located at 5405 Griggs Road.  Cassel noted that Holmes never paid any taxes on this Property until he paid half of the 2009 taxes and that Holmes never paid any delinquent taxes.  Cassel objected to Holmes' claims of waiver and estoppel as unpled affirmative defenses.[7]  Cassel further asserted that he met the requirements for claiming under "color of title" for purposes of the adverse possession statutes because the Tax Deed references the proper HCAD account encompassing the Property.

On June 12, 2012, the trial court signed an order granting Cassel's motion for summary judgment.  Holmes filed a motion for new trial on July 11, 2012, repeating the arguments he made in his summary-judgment response.  On August 1, 2012, Cassel filed a "motion for a judgment nunc pro tunc," seeking to have the final judgment in a "recordable format" with "specific reference to the deed at issue" and a "reference that this is [a] final and appealable judgment."

---

[6] Cassel attached a map from HCAD showing that this account number is associated with the property located at 5405 Griggs Road.

[7] On May 16, 2012, Holmes filed an answer to Cassel's counterclaim, which was served on Holmes on March 15, 2012.  In this answer, Holmes generally denied Cassel's counterclaims and asserted the affirmative defenses of waiver, estoppel, and laches.  This answer was not timely filed.  *See* Tex. R. Civ. P. 99(b).

6

The trial court signed a "modified final judgment" on September 18, 2012, ordering, adjudging, and decreeing that: (1) Cassel's motion for summary judgment is granted; (2) Holmes' causes of action are barred by sections 33.54(a) and 34.08(a) of the Texas Tax Code; (3) Holmes' causes of action are barred by sections 16.024 and 16.025 of the Texas Civil Practice & Remedies Code; (4) all right, title, and interest to the real property acquired by Holmes pursuant to warranty deed dated December 6, 1983 and recorded on December 30, 1983 in the Real Property Records of Harris County Clerk's File No. J299406, is vested in Cassel by virtue of limitations running from May 6, 2003; and (5) Holmes take nothing against all defendants, all costs are taxed against Holmes, and the judgment is final and appealable. The trial court denied Holmes' motion for new trial, and this appeal timely followed.

## Standard of Review

A traditional summary judgment under Rule 166a(c) is properly granted only when the movant establishes that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To determine if the nonmovant raises a fact issue, we review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). A defendant who conclusively negates a single essential element of a cause of action or conclusively establishes an affirmative defense is entitled to summary judgment on that claim. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). In reviewing traditional summary-judgment motions, we must take as true all evidence favorable to the nonmovant and draw every reasonable inference and resolve all doubts in

favor of the nonmovant. *PAS v. Engel*, 350 S.W.3d 602, 308 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *Mendoza v. Fiesta Mart*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). If the movant establishes that the action is barred by limitations, the nonmovant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Roberts v. T.P. Three Enters., Inc.*, 321 S.W.3d 674, 675–76 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (citing *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)).

## Discussion

In his second issue, which is dispositive of this appeal, Holmes asserts that the trial court erred in applying the Tax Code limitations to prevent him from asserting his one-half interest in the property. [A]n action relating to the title to property may not be maintained against the purchaser of the property at a tax sale unless the action is commenced . . . before the first anniversary of the date that the deed executed to the purchaser at the tax sale is filed of record." Tex. Tax Code § 33.54(a). "When actions are barred by this section, the purchaser at the tax sale . . . has full title to the property, precluding all other claims." *Id.* § 33.54(c).

Holmes argues that, because he was not served with citation in the Tax Suit, it is void as to him. But subsection (b) of Tax Code section 33.54 provides only that a person who was not served with citation in the tax foreclosure suit but who pays taxes on the property during the applicable limitations period *and* until the commencement of an action challenging the validity of the tax sale is not subject to the one-year limitations period provided by subsection (a). *See id.* § 33.54(b). "It is reasonable to expect one claiming an ownership in property to pay the taxes on the property to avoid the limitations bar." *John K. Harrison Holdings, L.L.C. v. Strauss*, 221 S.W.3d 785, 789 (Tex. App.—Beaumont 2007, pet. denied). Statutes

8

of limitations further the policy that one must diligently pursue legal rights or risk losing them if they are not timely asserted. *Roberts*, 321 S.W.3d at 677 (citing *City of Murphy v. City of Parker*, 932 S.W.2d 479, 481–82 (Tex. 1996)).

Holmes does not allege that he paid taxes on the Property either before or after the Tax Sale. Indeed, there is no indication in the record that Holmes paid any taxes on the Property until 2010, when Cassel requested that Holmes pay one-half of the taxes for the 2009 tax year. That payment was made approximately fifteen years after the Tax Sale and about seven years after the Property was purchased by Cassel. Although section 33.54(b) provides a means of avoiding the bar of limitations, Holmes did not avail himself of it. *See id.*; *cf. Roberts*, 321 S.W.3d at 677 (concluding that there was no evidence in the summary judgment record to support the appellants' claim that subsection (b) bars application of the limitations period to them).

Furthermore, Holmes did not deposit an amount equal to the delinquent taxes, penalties, and interest specified in the final judgment of the Tax Suit or file an affidavit of his inability to pay this amount prior to filing suit. A person may not commence an action challenging the validity of a tax sale without doing so. *See* Tax Code § 34.08(a) (providing that, to commence an action challenging the validity of a tax sale under Tax Code Chapter 34, a person must "deposit[] into the registry of the court an amount equal to the amount of the delinquent taxes, penalties, and interest specified in the final judgment of foreclosure obtained against the property plus all costs of the tax sale" or "an affidavit of inability to pay" under Tex. R. Civ. P. 145).

Finally, Holmes contends that, because he was not made a party to or given notice of the Tax Suit and the trial court granted fee simple title in the Property to Cassel, which improperly broadened the deed beyond its scope and terms, he was

denied due process. These issues have been considered in a similar situation in a prior opinion by this court. Irrespective of any potential merit of a property owner's challenge to a tax sale, such claims must be brought within the limitations period set forth in section 33.54. *Roberts*, 321 S.W.3d at 678–79 (citing cases overruling such challenges to tax sales brought outside the statutory limitations period). Accordingly, we overrule Holmes' second issue.

Because the trial court properly granted summary judgment on limitations under the Tax Code, we need not consider the other grounds stated in the judgment.[8] Accordingly, we overrule the remainder of Holmes' issues and affirm the trial court's judgment.

/s/    Martha Hill Jamison
        Justice

Panel consists of Justices Frost, Jamison, and Donovan.

---

[8] Even Holmes' claim that Cassel's deed allegedly referred to an adjacent tract of land fails because, as discussed *supra*, such actions must be brought forth in the limitations period established in Texas Tax Code section 33.54.