

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

No. 08-24-00063-CV

White Star Energy, Inc and County Royalty Acquisition Program, Inc.
d/b/a Reagan County Royalty Company, Inc., Appellant

v.

Ridgefield Permian Minerals, LLC., Appellee

On Appeal from the 112th District Court
Reagan County, Texas
Trial Court No. CV02505

## CONCURRING AND DISSENTING OPINION

I write separately to explain my view of the governing rule on remand, as reflected in recent U.S. Supreme Court and Texas Supreme Court precedent. In *Mitchell*, I authored an opinion for this Court concluding that deed records alone could not prove a due process violation in the absence of evidence that the owner still used the address years later. *Mitchell v. MAP Res., Inc.*, 615 S.W.3d 212, 222 n.6 (Tex. App.—El Paso 2020), *rev'd and remanded*, 649 S.W.3d 180 (Tex. 2022). The Texas Supreme Court reversed, declining to impose that requirement and held that the deeds and the clerk's record of service conclusively established a due process violation

and defeated the statute of limitations. *Mitchell v. MAP Res., Inc.*, 649 S.W.3d 180, 191–92 (Tex. 2022). In *Gill*, the Court did not overrule that holding but only clarified that a nonmovant-plaintiff asserting a similar due-process violation must attach the pertinent records to a response or cross-motion for summary judgment. *Gill v. Hill*, 688 S.W.3d 863, 871–72 (Tex. 2024), *cert. denied*, 145 S. Ct. 274 (2024). It bears noting here that this case concerns cross-motions for summary judgment, not a singular motion as was addressed in *Gill*. Thus, following *Mitchell* and our well-established standard of review, I would consider the parties' motions and evidence together, not treat them as having been filed separately. To explain, I begin with the applicable standard of review.

### A.   Standard of review

The standard of review in cases of cross-motions for summary judgment requires that we consider both sides' evidence. *Mitchell*, 649 S.W.3d at 188. Because this case has been remanded, I do not reach a conclusion on the sufficiency of the evidence attached to either motion.[1] To the extent the Court reached a conclusion relying heavily on *Gill*, yet still remanded the case for further development, I disagree with that approach. Before reaching conclusions, I would instead consider both sides' evidence and address all questions together as done in *Mitchell*.

### B.   The *Mitchell* holding

In my view, *Mitchell* provides controlling authority on remand because the facts in that case closely mirror those alleged here. The heirs of Elizabeth Mitchell collaterally attacked a 1999

---

[1] Distinguishable from *Gill*, Ridgefield attached 13 documents to its cross-motion—but did not attach the complete foreclosure record including the statement of evidence, which the Supreme Court found particularly relevant in *Mitchell*. *See Mitchell*, 649 S.W. 3d at 186. Ridgefield did include what appears to be images of two pages of a tax roll containing an address for Bradford which it attached to an unsworn declaration by an individual who does not purport to be a custodian of records. Objections about authenticity were raised but not ruled on by the trial court. Ridgefield also attached a request for admission that the record contained a "property description" (not Bradford's address), to which White Star replied, "the document speaks for itself." On remand, the parties' positions on these records could be clarified with further development.

2

default judgment that had foreclosed a tax lien on their predecessor's property. *Id.* at 185. Elizabeth died in 2009, and her heirs sued in 2015 to declare the foreclosure judgment void for lack of proper service. *Id.* at 183–84. The summary-judgment record included (1) the clerk's record from the foreclosure suit, which contained no citations or returns reflecting attempted personal service on Elizabeth, and (2) eight publicly recorded warranty deeds listing Elizabeth's mailing address (P.O. Box 428, Van Horn, TX 79855). *Id.* at 184, 186 n.4. The Texas Supreme Court, citing both Texas and federal law, held those two categories of summary-judgment evidence conclusively proved a due-process violation. *Id.* at 196–97.

*Mitchell* supplies two controlling principles for establishing that a tax judgment is void for lack of due process. First, the absence of citations and returns of service in the clerk's record conclusively proves that personal service was not attempted. *Id.* at 192 n.12 (citing *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965)); *see also* Tex. R. Civ. P. 25 ("Each clerk shall keep a file docket which shall show . . . the officer's return on the process[.]"); Tex. R. Civ. P. 99 ("The clerk must retain a copy of the citation in the court's file."); Tex. R. Civ. P. 107(g), (h) (stating that the return of service "and any document to which it is attached must be filed with the court" and that default judgment cannot be granted "until proof of service . . . shall have been on file with the clerk of the court ten days"); Tex. R. Civ. P. 244 (stating rules for service by publication and that "in every such case a statement of the evidence, approved and signed by the judge, shall be filed with the papers of the cause as a part of the record"). Second, publicly recorded deeds and tax records are conclusive evidence of an address—a *known* address, not necessarily a correct address—where service should have been attempted. *Mitchell*, 649 S.W.3d at 190. As *Mitchell* explained, the U.S. Supreme Court has consistently held that tax authorities must attempt service at the owner's "last known available address." *Id.* (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798

3

(1983)); *see also Walker v. City of Hutchinson,* 352 U.S. 112, 116 n.5 (1956) (stating "the city must give notice to property owners by mailing a copy of the newspaper notice to their last known resident"); *Schroeder v. City of New York*, 371 U.S. 208, 210–11, 214 (1962) (requiring a good-faith effort to make service at last known address in deed records and tax rolls).[2]

Applying that standard, *Mitchell* held that the deeds which listed a post office box and the absence of a record of service attempts in the foreclosure file conclusively established that the foreclosure judgment was void for lack of service and subject to collateral attack, notwithstanding statutory limitations under §§ 33.54(a)(1) and 34.08(a) of the Texas Tax Code. *Mitchell*, 649 S.W.3d at 193–94 (citing *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012)).

## C.   The *Gill* decision

Unlike *Mitchell*, the procedural posture of *Gill* is distinguishable from this case. In *Gill*, successors to tax-foreclosed property filed suit to void a twenty-year-old judgment for lack of due process. *Gill*, 688 S.W.3d at 865–67. Unlike in *Mitchell*, only the purchaser (Hill) moved for summary judgment and attached the sheriff's deed to establish the one-year limitations bar in § 33.54(a)(1) of the Tax Code. *Id.* at 867. Clarifying the burden framework under *Draughon v. Johnson*, 631 S.W.3d 81 (Tex. 2021), the Court held that while the defendant must prove the running of limitations, a plaintiff invoking a due-process violation must raise a fact issue with evidence to avoid limitations, and that the Gill parties had failed to meet that burden because they responded without evidence. *Gill*, 688 S.W.3d at 868–69. The Court rejected a request to judicially

---

[2] Moreover, the Supreme Court has extended the last-known-address rule by holding that proof of attempted service by certified letter to the address on record was insufficient when the letter was returned unclaimed. *Jones v. Flowers*, 547 U.S. 220, 232 (2006) (applying Due Process Clause to state-law summary judgment). In such cases, the tax authority was required to take additional steps such as posting a notice on the property or at the property owner's last known address—or, as some states require, searching for the property owner's "correct" address. *Id.* at 228 n.2. The Court clarified that searching for a new address was not constitutionally required; rather, the tax authority's burden was to produce record evidence that it followed traditional methods of posting or left a notice of attempted delivery at the property or address on record. *Id.* at 233–36.

notice *Mitchell*'s facts, emphasizing that whether due process was satisfied is an individualized inquiry. *Id.* at 871. Hill thus met his limitations burden; but because neither *Mitchell* nor *Draughon* governed at the time of the trial-court proceedings, the case was remanded for further proceedings. *Id.* at 871–72.

*Gill* clarified that posting at the courthouse might suffice if record evidence shows the property owner could not be located after a diligent inquiry. *Id.* at 871. But the Court did not qualify or limit in any way *Mitchell*'s holding as to what evidence does suffice to establish lack of diligence. *See id.* at 871–72 (citing *Mitchell* for "discussing what distinguishes the adequacy of notice by posting versus notice by service" and noting that *Mitchell* "substantially clarified the law"). The Court explained, "[u]nlike the petitioners in *Mitchell,* the Gill Parties adduced no individualized proof regarding the ease or difficulty with which Gill could have been located and served." *Id.* at 871. The Court specified that sufficient individualized proof in *Mitchell* consisted of "'warranty deeds on file in the public records at the time of the foreclosure suit' . . . show[ing] an address at which the former property owner, their predecessor in interest, could have been reached." *Id.* at 868–69.

In short, *Gill* cannot be read to require evidence of a current address beyond the evidence it expressly identified as sufficient—decade-old deed records. Unlike tax rolls, which are updated annually, deed records are never required to be updated. The tax authority's burden is simply to show service attempts at the "last known" address. *Mitchell*, 649 S.W.3d at 190 (quoting *Mennonite*, 462 U.S. at 798).

### D.     Ridgefield must produce competent summary judgment evidence under *Mitchell*

In sum, Ridgefield's claim turns on whether it can produce evidence, as required by *Mitchell*, showing that the 1999 foreclosure judgment was obtained after service by posting despite

5

the availability of Bradford's address in public records. On remand, the parties should fully develop the summary-judgment record to address that issue, including the complete foreclosure file and any tax or property records bearing on diligence in service. Based on that record, the trial court can apply the *Mitchell* standard to determine whether the judgment is void and subject to collateral attack notwithstanding the statute of limitations.[3] Having addressed these points, I respectfully concur with the remand though I disagree with certain aspects of the analysis.

GINA M. PALAFOX, Justice

November 18, 2025

Before Palafox and Soto, JJ., and Rodriguez, C.J. (Ret.)
Rodriguez, C.J. (Ret.) (sitting by assignment)
Palafox, J., concurring and dissenting

---

[3] Ridgefield raised an additional argument not ruled upon that its trespass-to-try-title claim is not subject to limitations based on *Ridgefield Permian, LLC v. Diamondback E&P, LLC*, 626 S.W.3d 357 (Tex. App.—El Paso 2021, pet denied). Oddly, the Court omits this case from its discussion and instead mentions cases cited by White Star—*Haynes v. DOH Oil Co.*, 647 S.W.3d 793, 800 (Tex. App.—Eastland 2022, no pet.) (not followed by *Bush v. Yarborough Oil & Gas, LP*, 705 S.W.3d 451, 467–68 (Tex. App.—El Paso 2024, pet. denied)); *Roberts v. T.P. Three Enterprises, Inc.*, 321 S.W.3d 674, 679 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (implicitly overruled by *Mitchell*, 649 S.W.3d at 195 n.14). As Ridgefield notes, we held in *Diamondback* that the statute of limitations did not apply to a title suit alleging that a tax judgment did not foreclose its interest, but instead "present[ed] a question of proper interpretation of the Tax Judgment and Sheriff's Deed in accord with Texas Law and the plain language of the documents, as opposed to a collateral attack on the validity of these instruments[.]" 626 S.W.3d at 371. We reaffirmed that holding in *Bush*. *See Bush*, 705 S.W.3d at 467–68 (noting that we held in *Diamondback* that "§ 33.54 did not apply to suits to determine the scope of a foreclosure" and reiterating that "we do not believe § 33.54 was intended to limit 'scope' suits"). Ridgefield understandably asks that we apply *Diamondback* because we ruled in its favor that a similar tax judgment from the same mass foreclosure at issue in *Mitchell* did not foreclose its interest. In *Bush*, for instance, we determined a 1948 tax judgment did not foreclose the interest of an unnamed defendant who was not named, cited, or served. *Id.* at 465. As we explained, there is no time limit under the trespass-to-try-title statute or the Declaratory Judgments Act for seeking a judicial interpretation of deeds and judgments, although the Legislature has set forth a series of limitation periods for real property actions based on adverse possession. *Id.* at 469; *see also* Tex. Prac. & Rem. Code Ann. ch.16. Otherwise, no judgment and no chain of title would be truly final. *Bush*, 705 S.W.3d at 469.